# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4323-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

J.P.B.,

    Defendant-Appellant.

_____

Submitted October 31, 2019 – Decided November 25, 2019

Before Judges Alvarez and Nugent.

On appeal from the Superior Court of New Jersey, Law Division, Hunterdon County, Indictment Nos. 06-03-0120 and 07-06-0230.

Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

Michael J. Williams, Acting Hunterdon County Prosecutor, attorney for respondent (Jeffrey L. Weinstein, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant J.P.B. appeals the June 26, 2017 denial of his post-conviction relief (PCR) petition. For the reasons stated by Judge Angela Borkowski, J.S.C., in her cogent and thoughtful written decision, we affirm.

A jury convicted defendant of first-degree child endangering, N.J.S.A. 2C:24-4(b)(3), one count of second-degree child endangering, N.J.S.A. 2C:24-4(a), first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), and second-degree sexual assault, N.J.S.A. 2C:14-2(b). The convictions were affirmed in an unpublished opinion.[1] State v. J.P.B., No. A-1349-11 (App. Div. Mar. 4, 2015). In the aggregate, defendant was sentenced to eighteen years in prison, Megan's Law registration requirements, and parole supervision for life. The Supreme Court denied his petition for certification. State v. J.P.B., 223 N.J. 282 (2015).

Defendant's victim was his step-daughter. The offending behavior commenced when she was nine years old. It came to light when defendant's nude photographs of the child were discovered by a family member. Defendant initially admitted taking the pictures, but denied sexual activity with the child

---

[1] The matter was remanded for resentencing on the first-degree endangering, amended to the second-degree offense, because the charge predated the current version of the statute. See State v. J.P.B., No. A-1349-11 (App. Div. Mar. 4, 2015) (slip op. at 27).

A-4323-17T2

including, among other forms of penetration, sexual intercourse. On the stand, defendant claimed he took responsibility for the photographs solely to protect the victim and the person he suspected had taken them. He explained the two pictures found in his wallet by claiming he absent-mindedly put them there, after discovering the cache of photos, when he found them on the floor.

In deciding the matter, Judge Borkowski reviewed the record with regard to a belated application trial counsel made before trial for a psychiatric evaluation of defendant. She concluded that it was denied not because of the untimeliness of the request, but because the trial judge "found it lacked merit." The trial judge had opined that defendant's depression was irrelevant to any defense, thus an evaluation could not have affected the outcome. Judge Borkowski agreed.

Defendant claimed counsel's medical condition hampered his representation during trial. Judge Borkowski said, based on her review of the record, that counsel conducted a vigorous and well-thought-out defense in an extremely difficult case.

Defendant claimed that his attorney made inadequate investigative efforts—yet the issues he asserted should have been advanced involved strategic choices not subject to attack by way of PCR relief. The judge also noted that in

some instances the alleged failure to call witnesses was strategic, and the areas defendant asserted should have been developed were actually explored during cross-examination of the State's witnesses. Thus, the various witnesses that defendant contended should have been called would not have added anything to the proofs presented during the trial.

Although defendant complained his attorney did not visit him frequently in jail, he did not explain how that would have resulted in a better representation or in any way have altered the verdict. Overall, the judge found defendant's contentions were mere bald assertions. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Judge Borkowski therefore concluded defendant's claims were so lacking in merit that he had not established a prima facie case, and no evidentiary hearing under Rule 3:22-10(c) was required.

Now on appeal, defendant argues the judge erred on these two issues:

> I. THE PCR COURT ERRED IN NOT GRANTING DEFENDANT AN EVIDENTIARY HEARING WHERE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> A. TRIAL COUNSEL WAS INEFFECTIVE FOR WAITING UNTIL THE EVE OF TRIAL BEFORE EVEN CONSIDERING HAVING DEFENDANT UNDERGO A PSYCHIATRIC EVALUATION.

A-4323-17T2

B.     TRIAL COUNSEL'S REPRESENTATION OF DEFENDANT WAS INEFFECTIVE FOR THE CUMULATIVE ERRORS COMMITTED WHILE COUNSEL WAS SUFFERING FROM LYME'S DISEASE.

After our review of the record, it is clear Judge Borkowski did not err in finding that a psychiatric examination of defendant would not have advanced his defense. It is also clear that counsel thoroughly examined the witnesses, made reasonable strategic decisions, and engaged in as effective representation as was possible given the State's overwhelming proofs. No evidentiary hearing was necessary. The petition did not meet the two-part test for ineffective assistance of counsel pursuant to Strickland v. Washington, 466 U.S. 668, 687-90 (1984), and its progeny.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5